**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AXTON CANDY AND TOBACCO COMPANY, Respondent.**

No. 79–1461.

United States Court of Appeals, Sixth Circuit.

April 8, 1981.

Richard A. Cohen, Elliott Moore, Deputy Assoc. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Louis Woolery, Smith & Smith, Louisville, Ky., for respondent.

Before LIVELY and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

ORDER

The National Labor Relations Board petitions for enforcement of its order finding violations by the respondent of sections 8(a)(1), (3) and (5) of the Act and directing respondent to bargain with the union which was found to have authorization cards from 12 out of 17 employees in the bargaining unit. The decision and order of the Board are reported at 241 NLRB No. 163. The respondent was found to have violated sections 8(a)(3) and (1) by discharging its employee Bloom because of Bloom's union activities. There was evidence that several months before Bloom's discharge there had been complaints about his work and that his supervisor had told the president of respondent that he did not want Bloom working under him when the employees returned from a Labor Day weekend break. It was at this time Bloom was discharged.

Violations of section 8(a)(1) were also found from the fact that the respondent granted unscheduled wage increases and made changes in the wage structure after it had notice of union activities and that at least one supervisor made a number of threats of reprisal in the event the union were recognized.

The counsel of the Board argues that each of the findings is supported by substantial evidence and that this is a proper case for a bargaining order. Counsel for respondent contends that none of the findings are supported by substantial evidence and that a bargaining order is not required or justified by this record in view of the fact that there has been a turnover among employees and that the supervisor who made the unlawful statement has been discharged.

 Upon consideration of the record together with the briefs and oral arguments of counsel, the court concludes that enforcement should be granted in part and denied in part. The inferences which the Board drew with reference to the discharge of the employee Bloom are contradicted by the evidence in the record. Otherwise, the findings of the administrative law judge as adopted by the Board are supported by substantial evidence.

The order of the Board is hereby enforced with the exception of that portion which requires the reinstatement of the employee Bloom with back pay. Enforcement of that provision is denied. All references to the discharge of Bloom, including paragraphs 1(a), 2(a) and 2(b) of the order, and the first and next to last indented paragraphs of the notice to employees, will be deleted.